IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

HOMES & LAND PUBLISHING, LTD., )
             Plaintiff, )
                         )
v.                        ) CASE NO. JFM 00 CV 0329
                         )
WILLIAM D. SIMPKINS, )
                         )
             Defendant. )

## STIPULATION OF DISMISSAL AND CONSENT ORDER

Pursuant to Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure, IT IS HEREBY STIPULATED AND AGREED by and between the undersigned attorneys for the parties hereto and the COURT HEREBY ORDERS as follows:

1.    All claims and defenses asserted in this action are hereby dismissed with prejudice and without cost or attorneys' fees to any party as against any other.

2.    Defendant William D. Simpkins ("Simpkins") must cease the operation of his competing publication business within sixty (60) days from the date of this Stipulation of Dismissal and Consent Order.

3.    Simpkins must abide by the non-competition covenant contained in the Homes & Land Franchise Agreement, which provides, in pertinent part, that "[he] will neither be employed or engaged by, be representative of or have any financial or ownership interest in a business that produces any products or performs any services similar to those produced or performed under the Agreement

\\\DC - 65617/10 - #1150236 v1



. . . [S]uch restrictions will apply to any territory in which Homes & Land has a franchise or license agreement and, additionally, within a 100-mile distance from the boundaries of the Territory." Simpkins must abide by the non-competition covenant for one year from the date upon which he ceases operation of the competing publication business.

    4.    If Homes & Land Publishing, Ltd. ("Homes & Land") chooses to take over operations of Simpkins' competing publication, Simpkins must cooperate fully with Homes & Land to ensure an expeditious transfer of his publication to Homes & Land by taking all reasonable actions requested by Homes & Land in order to effect a smooth transfer, including without limitation, abiding by his post-termination obligations under the Homes & Land Magazine Franchise Agreement which provides that:

> (a) [Simpkins] shall surrender to [Homes & Land] for [its] use all broker lists, customer lists, distribution site lists, photographs, proofs, layouts, manuals, instructions, books, records, data, proposals, plans, specifications, contracts, agreements, correspondence, forms, [Homes & Land's] software or any other documents pertaining to the Magazine or the Franchise which [he] may have in [his] possession or control;
>
> (b) At [Homes & Land's] request and option, [Simpkins] shall assign to [Homes & Land] any contracts or agreements which [he] [has] entered into pertaining to the Magazine, provided that [Homes & Land] assumes and agrees to perform [Simpkins'] duties thereunder;
>
> (c) [Simpkins] shall fully cooperate with [Homes & Land] to provide an expeditious and orderly transfer of [his] duties and responsibilities under this Agreement to another person or to [Homes &

> Land], and shall not attempt to sell, transfer or assign the Franchise[.]

5. Nothing contained in this Stipulation and Consent Order shall affect Homes & Land's right to pursue monetary claims against Simpkins in the United States Bankruptcy Court for the District of Maryland through filing a proof of claim or other appropriate procedure to obtain its share of any assets of the debtor. Nothing contained in this Stipulation of Dismissal and Consent Order shall be construed to release the Parties from, or otherwise affect, the rights, duties and obligations of the Parties, pursuant to this Stipulation of Dismissal and Consent Order or to be construed to release any claim Homes & Land may have against any other Homes & Land franchisee.

6. Nothing set forth herein shall be construed to be an admission of any liability or wrongdoing as to any actual or potential dispute between the parties.

Respectfully submitted,

_____                    _____
Richard Wills                                      John F. Dienelt
Rodgers & Dickerson                                L. Nicole Hampton
1301 York Road                                     Hogan & Hartson, LLP
Heaver Plaza                                       555 13th Street, N.W.
Lutherville, MD 21093                              Washington, D.C. 20004
(410) 825-6655                                     (202) 637-5600
(410) 825-2237(fax)                                (202) 637-5910 (fax)

Attorneys for Defendant                            Attorneys for Plaintiff

Dated: August 15, 2000                             Dated: August 15, 2000

IT IS SO ORDERED this ___16th___ day of ___August___, 2000.

_____
Judge J. Frederick Motz
United States District Judge

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2000 AUG 16  P 1:29

CLERK'S OFFICE
AT BALTIMORE

BY _____ DEPUTY

\\\DC - 65617/10 - #1150236 v1